PER CURIAM.
This is an appeal from an order granting a motion for summary decree in favor of the defendants in a suit brought by the appellants, as plaintiffs below, for the rescission of a trust agreement and a trust assignment and for other relief.
The defendants filed a motion for judgment on the pleadings and for summary judgment, and the chancellor entered an order as follows, omitting formal parts:
“It Is Hereby Ordered,
“That Defendant’s Motion for a Summary Decree is hereby granted to the Defendant, and
“Defendant’s Motion for a Judgment for Defendant on the Pleadings is hereby granted to the Defendant.
“Any Lis Pendens filed heretofore in this cause at Book 713 Page 197 of the Public Records of Broward County, Florida be and the same is hereby re- *619 moved, cancelled and declared null and void.”
Notice of Appeal was filed May 29, 1957 from this order.
During oral argument on the above case the court questioned the right of appeal from said order and permitted briefs to be filed by the parties to this cause on the question of whether this court has jurisdu> tion to hear said appeal. Such briefs have been filed.
The District Court of Appeal of Florida, Third District, in the case of Renard v. Kirkeby Hotels, Inc., Fla.App.1958, 99 So.2d 719, 720, had a similar question before it. The order, as recited in the opinion, being:
“Ordered, adjudged and decreed that defendant’s motion for summary judgment be, and the same is, hereby granted.”
which order the court held not to be a final judgment and therefore, not subject to review. The court, in an opinion by Judge Horton, reviewed a series of cases, decided by the Florida Supreme Court, involving appeals which were determined not to be from final judgments. We quote from this opinion as follows:
“Apparently, the first case in which this question arose was Gates v. Hayner, 1886, 22 Fla. 325. There was an entry of ‘demurrer sustained’ on a demurrer to a declaration in a common law action. The court in that case held that the words ‘demurrer sustained’ were but an order for judgment and not a judgment from which an appeal would lie. Thereafter, in Carlson v. Ziehme, 51 Fla. 226, 40 So. 502, the court was confronted with a writ of error taken from an order ‘that the plaintiff do recover judgment of the defendants, and that the clerk upon the filing of the proper proofs do enter the same’ and a further recital that ‘the plaintiff filed proofs, and the clerk entered up judgment against the defendants in favor of the plaintiff in the sum of $133.20 principal and $29.49 costs.’ The Supreme Court there said that the aforementioned did not constitute a final judgment that would support a writ of error. Again, the court, in Pensacola Bank & Trust Company v. National Bank of St. Petersburg, 58 Fla. 340, 50 So. 414, considered a writ of error based on an entry following a verdict and a recitation that judgment was rendered for the defendant together with his costs, and held that such an entry was not a final judgment sufficient to support review by writ of error. In Milteer v. Seaboard Air Line Railway Co., 65 Fla. 357, 61 So. 749, the general rule was adhered to by holding that an order for a final judgment for the defendant followed by a judgment for costs was not such a final judgment as to support a writ of error. A much similar opinion was expressed in Young v. Lassiter, 87 Fla. 445, 100 So. 362. In Catchings v. Florida-McCracken Concrete Pipe Co., 101 Fla. 792, 135 So. 561, 562, the Supreme Court held that an entry ‘judgment is hereby rendered herein for the defendant’ is not the equivalent of the entry that the plaintiff ‘take nothing by his suit, and that the defendant go hence without day’ and that the entry first above quoted was not such a final judgment as would warrant review by writ of error.”
In another fairly recent case, Brannon v. Johnston, Fla.1955, 83 So.2d 779, the Supreme Court of Florida held that where a summary judgment was entered as to liability only in a negligence case, such an order was interlocutory and not sufficiently final to support an appeal.
The appellant cites the cases of Foley v. State ex rel. Gordon, Fla.1951, 50 So.2d 179, 186, and Wolf v. Cleveland Electric Co., Inc., Fla.1952, 58 So.2d 153, as authority for the finality of the judgment in this case. We disagree with the appellant.
Foley v. State ex rel. Gordon, supra, was an appeal from the order of the Circuit *620 Judge directing the Board of County Commissioners of Polk County to pay the relator the sum of $247.82 for fees for services in bringing back a prisoner from Norfolk, Virginia. In that case, it will be noted that the order for the issuance of a peremptory writ of mandamus required the payment of the sum to the constable and the order was:
“Ordered and Adjudged that the alternative writ be and the same is hereby made perpetual and final.”
In the case of Wolf v. Cleveland Electric Co., Inc., supra, the court’s order was as follows [58 So.2d 154]:
“ 'Ordered and Adjudged that defendant’s Demurrer and motion to strike be and the same are hereby granted, and it appearing to the Court that the plaintiff cannot further plead herein as a matter of law, it is, therefore,
“ ‘Further Ordered and Adjudged that final judgment herein be and the same is hereby entered for and in behalf of the defendant.’ ”
Such order was held a final judgment.
We shall not, however, dismiss the appeal in.this case. We shall treat the record sent up in connection with the appeal as a petition for certiorari so that we may, to the extent which we are permitted under the rules applicable to such petitions, review the decision of the lower court. See The Alliance for Conservation of Natural Resources in Pinellas County, Florida v. Furen, Fla.App., 104 So.2d 803.
We have reviewed the record in this case, including the briefs of the parties, and from such record find no reversible error. We, therefore, deny the petition for certiorari.
ALLEN, Acting C. J., SHANNON, J., and GERALD, LYNN, Associate Judge, ' concur.