SMITH, CULVER, Associate Judge.
This is an interlocutory appeal taken from an order entered by the Court below, on January 23, 1961. 'Appellants here were three of the Defendants in. the trial Court, and Appellee was the Plaintiff. The parties will be referred to in that manner.:
The pertinent portion of the order appealed from, which is an order granting a rehearing, reads ^s. follows:
“ORDERED, ADJUDGED and DECREED that plaintiff’s Petition for Rehearing be and the same is hereby granted, and it is further
“ORDERED, ADJUDGED and DECREED that such rehearing shall be held before this Court the 28th day of February, 1961, at Rockledge, Florida, after due notice of such hearing which shall be given by counsel for plaintiff herein.
“DONE and ORDERED, in Chambers at Rockledge, Florida, this 23rd day of January, A. D. 1961.
“/s/Wm. G. Akridge - “Wm. G. Akridge, Circuit Judge”
The suit was brought by Plaintiff to foreclose a mortgage, naming-several defendants, including Appellants. During its progress, Plaintiff filed a Motion to Dismiss defendants defenses, a Motion to Strike Portions of their Answers, and a Motion for Summary Decree. The Defendants-Appellants also filed a Motion for Summary Decree. In due course,' these motions were heard and the Chancellor thereafter, on November 8, 1960, entered an order. After reciting certain findings of law and fact, the order states:
“ * * * it is, therefore,
“ORDERED, ADJUDGED AND DECREED as follows: (1) The plaintiff’s motions to strike and to dismiss the defense and answers of the defendants D. G. Cruden, Dixie Concrete, Inc., Smyth Lumber Company, Gee & Jenson Land Surveyors, Inc., and Haskel C. Haas, be, and they are hereby, denied; (2) The motion of the defendants D. G. Cruden, Dixie Concrete, Inc., and Smyth Lumber *358 Company, for a summary decree be, and the same is hereby, granted and the Court hereby determines as a matter of law that the plaintiff’s mortgage failed to give constructive notice to said defendants and the judgment liens of said defendants are entitled to priority over said mortgage. (3) The motion of the plaintiff for a summary decree against the defendants Haskel C. Haas, D. G. Cruden, Dixie Concrete, Inc., and Smyth Lumber Company, be, and the same is hereby, denied. (4) The Court does not at this time rule on any other matters involved in this cause.
“DONE AND ORDERED at Rock-ledge, Brevard County, Florida, this 8th day of November, 1960.
“/s/ Wm. G. Abridge
“Judge of the Circuit Court of Brevard County, Florida.”
The defendants present, as their first point, the question of whether or not a rehearing may be granted after the entry of summary final decree, in an equity case. Plaintiff contends, in reply thereto, that defendants have misconstrued the order of November 8, 1960, and that, in fact, no summary final decree was entered in the cause. It is incumbent on us to determine whether or not the order of November 8, 1960, was a summary final decree, as to the defendants involved in this appeal. In the case of Blount et al., v. Hansen, Tax Assessor for Broward County, Florida et al., (Fla. App.1959) 116 So.2d 250, 251, this Court said:
“In general contemplation a final decree as it concerns mode of review decides and disposes of the cause on its merits, leaving no questions open for judicial determination except the execution or enforcement of the decree if necessary. Thus the distinguishing feature between an ‘Interlocutory Decree’ and a ‘Final Decree’ may be said that an interlocutory decree is one that’ is rendered in the middle of the cause and which does not finally determine or complete the cause; while a final decree is one that determines the rights of the parties and disposes of the cause on its merits, leaving nothing more to be done in the cause as distinguished from beyond the cause. The test, therefore, of a final decree is whether the judicial labor is at an end. Hollywood, Inc. v. Clark, 1943, 153 Fla. 501, 15 So. 2d 175; Alderman v. Puritan Dairy, 1940, 145 Fla. 292, 199 So. 44, and Olin’s Inc. v. Avis Rental Car System of Florida, Inc., Fla.App.1958, 100 So. 2d 825.”
In the instant case, the Chancellor’s order of November 8, 1960 denied Plaintiff's Motions to Strike and to Dismiss the defense and answers of the Defendants; granted these Defendants’ Motion for Summary Decree; adjudicated their liens to have priority over Plaintiff’s mortgage and denied Plaintiff’s Motion for Summary Decree. It did not dismiss the Defendants from the suit or finally dispose of the litigation as to them. They remain parties to the suit and subject to further orders or decrees entered therein. This Court, in B. Elliott and Velva I. Elliott, his wife v. Lazar, Trustee and Lawrence L. Lazar, as Trustee for Tessie Schlesinger, (Fla.App.1958) 104 So. 2d 618, had before it, for consideration, the following order, which was held not to be a final decree:
“ ‘It Is Hereby Ordered,
“ ‘That Defendant’s Motion for a Summary Decree is hereby granted to the Defendant, and
“ ‘Defendant’s Motion for a Judgment for Defendant on the Pleadings is hereby granted to the Defendant.
“ ‘Any Lis Pendens filed heretofore in this cause at Book 713 Page 197 of the Public Records of Broward County, Florida be and the same is hereby removed, cancelled and declared null and void.’ ”
We are of the opinion that the order of November 8, 1960, entered in the case now *359 before us, cannot be said to be, at best, any more final than that quoted from the Elliott case, (supra) It should be pointed out that the order appealed from, in the instant case, was one granting a petition for rehearing, merely insofar as it set down the petition to be heard at a specified time. It in no way either affirmed, modified or set aside the previous order.
The Chancellor did not commit error in allowing the petition to be argued before him. We do not have before us the question of what action he should take after hearing the arguments, and for this reason Defendants’ remaining questions, set out in their brief, are not considered.
Affirmed.
ALLEN, Acting C. J., and KANNER, J., concur.