150 So.2d 468 (1963)
Albert STADLER et al., Appellants,
v.
CHERRY HILL DEVELOPERS, INC., et al., Appellees.
Nos. 3406, 3412.
District Court of Appeal of Florida. Second District.
February 15, 1963.
Rehearing Denied March 11, 1963.
*469 Thomas H. Anderson, of Anderson & Nadeau, Miami, for appellants.
William S. Turnbull, Orlando, for appellees.
ALLEN, Judge.
This cause arises on interlocutory appeal and appeal from an order granting defendant-appellees' motion for summary judgment. It might be noted at the outset that the order granting the motion for summary judgment is not a final decree and that only the interlocutory appeal is proper. Cruden v. State Bank of Apopka, Fla.App. 1962, 136 So.2d 357; Elliott v. Lazar, Fla. App. 1958, 104 So.2d 618.
Plaintiff-appellants are holders of a first (construction) mortgage. Defendant-appellees are the fee owners, the holders of a subordinated or second (purchase money) mortgage, and various persons having or claiming an interest in the property.
In September of 1960, plaintiff-appellants instituted suit to foreclose and elected to accelerate the entire indebtedness because of a default in an interest payment due May 20, 1960. A decree pro confesso was entered against defendant-appellee fee holders but the other defendants answered. Defendant-appellees Lenzen, holders of the subordinated mortgage, answered denying, inter alia, the allegations of the complaint as to ownership of the mortgage, the existence of the indebtedness and the existence of any default. In affirmative defense they contested the validity of the subordination agreement and contended that their mortgage was superior. The Lenzen answer also contained a counterclaim which they later moved to dismiss. Plaintiffs answered the counterclaim and the cause became at issue on April 26, 1961. It appears that plaintiffs served notice of final hearing in July, but did not move the court for an order fixing the time in which testimony would be taken or setting the cause for trial as prescribed by former Rule 3.13, Florida Rules of Civil Procedure, 31 F.S.A., in effect at the time.
In August of 1961, the period for the taking of testimony as prescribed in the aforementioned rule having expired, defendants Lenzen moved for a final decree on bill and answer. In the same month, the court granted the motion and, finding that the answer was responsive and denied all material allegations of the complaint, entered a final decree dismissing the complaint with prejudice. No appeal was taken from this decree.
We note in passing that the attorneys representing the appellants on appeal did not represent the plaintiffs in the original action.
In October of 1961, plaintiffs again filed suit for foreclosure. Their complaint was essentially identical to that in the first suit except a default of payment due in August, 1960, rather than the May default was alleged. Defendants Lenzen answered. Their answer was essentially identical to that in the first suit except an additional defense, res judicata, was alleged. Specifically, *470 they answered that, with the exception of an omitted party defendant and a different alleged default, the second action was identical to the first; that the election to accelerate in the first suit made all subsequent payments part of that suit; that the decree in the first suit was an adjudication on the merits and that res judicata barred the second action. The Lenzens then filed a motion for summary judgment based on the defense of res judicata, which motion was granted and is here appealed.
Essentially, two questions are presented: Did the election, in the first complaint to accelerate the balance upon an initial default render a decree in the first suit res judicata as to an action for a second default, and, was the final decree on bill and answer a decree on the merits and res judicata as to the second action? Since resolution of the second question is essential to consideration of the first, the effectiveness of the decree in the first suit as an adjudication on the merits will be explored first.
Appellants contend that the decree pursuant to hearing on bill and answer when the time for taking testimony has expired is not res judicata and urges two distinct arguments in support of this contention. They argue that the basis for the decision is ambiguous, possibly resting on matters in abatement, and therefore not an adjudication on the merits and further, that the decree was predicated on non-compliance with a rule of court and should not be res judicata.
In asserting that the decree was predicated on non-compliance with a rule of court and that it was entered upon a technicality, appellants misconceive the function of the hearing and decree on bill and answer when the time for taking testimony has expired. The decree was not, as appellants urge, similar to a dismissal for failure to prosecute. Rather, it was a decree on the pleadings when and after appellants had waived the right to offer proof. It was, under current practice and at the time of its entry, a summary decree authorized by Rule 1.36(b), Florida Rules of Civil Procedure, 30 F.S.A.
While no case holding the type of proceeding and decree in question to be one contemplated by Rule 1.36(b) has been found, an examination of the origin and history of the proceeding impels this conclusion. The practice of entering, upon defendants' motion, a decree on the pleadings when the time for taking testimony had expired was formalized in Rule 85, Rules for Government of Circuit Courts in Equity Cases, and was distinct from the procedure for a decree on the pleadings upon plaintiffs' motion contemplated in Laws of 1931, c. 14658, § 40 and later in Equity Rule 40(h). See Chatham Inv. Co. v. Sunshine Investments, Inc., Fla. 1929, 98 Fla. 783, 124 So. 374; Miami Bridge Co. v. Miami Beach Ry. Co., Fla. 1943, 152 Fla. 458, 12 So.2d 438; Stoltenberg v. Hughes, Fla. 1944, 154 Fla. 519, 18 So.2d 475.
The procedure outlined in former Rule 85 had no exact counterpart in the 1949 Equity Rules, but logically must have been subsumed in either Rule 33(c) of those Rules, now Rule 1.11(c), Florida Rules of Civil Procedure, or in Rule 40(b) of the 1949 Equity Rules, now Rule 1.36(b), Florida Rules of Civil Procedure. This uncertainty was resolved when, in Starlight Corp. v. City of Miami Beach, Fla. 1952, 57 So.2d 6, the court categorized the decree entered on defendant's motion as being authorized by Equity Rule 40. However, in Reinhard v. Bliss, Fla. 1956, 85 So.2d 131, the Court categorized a similar proceeding as being authorized by Rule 1.11(c), Florida Rules of Civil Procedure, the successor to Equity Rule 33(c). This apparent conflict is resolved, however, by the language of the Court in the Reinhard case:
"A test * * * heard wholly on the pleading under our rule 1.11(c), * * * is the same as a motion * * for a summary judgment * * * under * * * State rule 1.36(b)." (85 So.2d 132.)
*471 The decision in that case having turned on the sufficiency of the complaint, the characterization was entirely proper. See City of Miami v. Miami Transit Co., Fla.App. 1957, 96 So.2d 799. Nevertheless, the earlier decision in the Starlight case, supra, coupled with the decision in Strong v. Clay, Fla. 1951, 54 So.2d 193, indicate that a decree on bill and answer after the time for taking testimony has expired is a summary decree under Rule 1.36(b) and that the hearing and decree are "on the merits" and res judicata. Nystrom v. Nystrom, Fla. App. 1958, 105 So.2d 605; Needle v. A.F. Kisinger & Associates, Inc., Fla.App. 1960, 118 So.2d 35. See Da Costa v. Dibble, Fla. 1898, 40 Fla. 418, 423, 24 So. 911, 913.
Appellants' second argument relative to the validity of the decree on bill and answer as res judicata is based on alleged ambiguity in the decree. Specifically, appellants contend that the decree could have rested on the denial of default and a finding that the action was premature, and not have reached the merits. Appellants further contend that when a decision could turn on matters not reaching the merits or on the merits, a presumption that the former was the basis of decision exists and that a party invoking res judicata as a bar must show that the decree relied upon did, in fact, adjudicate the merits of the cause. An examination of the authority relied upon by appellants reveals that these doctrines concerning the certainty of adjudication and the burden of proof have been invoked or announced for the most part in cases involving estoppel by judgment, although occasionally applied in cases involving res judicata. See 50 C.J.S. Judgments, §§ 627, 717 (1947); 30A Am. Jur., Judgments, §§ 347, 348 (1958).
In Florida, however, the distinction between res judicata and estoppel by judgment is more closely observed. See Youngblood v. Taylor, Fla. 1956, 89 So.2d 503; 19 Fla. Jur., Judgments and Decrees, §§ 105-106 (1958), and the principles relied upon by appellants have had application only in cases involving estoppel by judgment. See 19 Fla.Jur., Judgments and Decrees, §§ 143, 145 and 174 (1958).
Insofar as res judicata is involved, the final decree in the prior suit is conclusive as to all matters which were or could have been raised in the prior suit. Matthews v. Matthews, Fla.App. 1961, 133 So.2d 91; See 19 Fla.Jur., Judgments and Decrees, § 120 (1958). Accordingly, the decree in the first foreclosure proceeding, from which no appeal was taken, would generally conclude all of the issues presented in that suit. The decree of dismissal was entered "with prejudice." If appellants felt this to have been error, they could have availed themselves of proceedings to amend or appeal. Failing to do this, they will generally not be allowed to question that decree or to relitigate issues concluded by it.
However, there is a recognized exception to the strict application of the doctrine of res judicata which, while not detracting from the soundness of the doctrine, permits the courts to mitigate its severity in certain factual situations and thus serve the ends of justice. Wallace v. Luxmoore, Fla. 1945, 156 Fla. 725, 24 So.2d 302; Universal Const. Co. v. City of Fort Lauderdale, Fla. 1953, 68 So.2d 366.
In the latter case the Supreme Court recognized that when the fact of an adjudication on the salient issue was doubtful, when the party against whom the bar of res judicata was invoked was possibly misled in their understanding of such adjudication and when strict application of the doctrine would result in unjust enrichment to the party invoking the doctrine, res judicata should not be applied. Recognizing that this exception to the application of res judicata should and must itself be strictly limited in application if the doctrine is to serve the meritorious end for which it was formulated, it seems essential that justification for the exception must at least equal that in the Universal Construction Company case.
*472 Both the elements of potential unjust enrichment and possible misunderstanding of the adjudication are present in the instant case. If res judicata is applied plaintiff-appellants will lose all rights under a $25,000 mortgage; a loss occasioned by failure to comply with a rule that has since been repealed. The adjudication could quite properly have been limited to the issue of a default, the issue essential to the cause of action. See Meredith v. Long, Fla. 1928, 96 Fla. 719, 119 So. 114. Similarly, appellants may have misconceived the decree as one occasioned by the absence of an essential allegation  and thus not res judicata. See Kautzmann v. James, Fla. 1953, 66 So.2d 36, 19 Fla.Jur., Judgments and Decrees, § 148. Accordingly, misunderstanding of the adjudication as the reason for the absence of direct attack is possible.
There remains the element of doubt as to adjudication of the salient issue. This "doubt" is not the doubt or misunderstanding of the parties, but a real doubt existent even when the decree is properly understood and its scope and effect defined. When the pleadings and decree are examined in light of the scope and effect of the decree hereinabove set out, no doubt can exist as to the adjudication of salient issues. Specifically, the complaint's allegations of indebtedness, execution of the mortgage and ownership of the mortgage were denied in the answer. On decree on bill and answer when the time for taking testimony has expired, the responsive denials are assumed true. The decree thus concluded the essential issues in defendant-appellees' favor. There being no doubt as to this effect and the adjudication thereupon, res judicata must be applied.
The foregoing discussion of the applicability of res judicata has assumed that the second suit was on the same cause of action. If, in fact, the second suit is on a different cause of action, res judicata is per se inapplicable. See 19 Fla.Jur., Judgments and Decrees, § 111, and cases cited therein.
Appellees' argument, going to the issue of identity of the causes of action, is that the original complaint elected to accelerate the entire balance and accrued interest, that as a consequence, the entire amount due was at issue, that the decree concluded the issue for defendant-appellees and that the second complaint is for the balance due and interest which was sought in the first complaint and is the same cause of action. Appellants argue that resolution of the question of acceleration was dependent on an exercise of discretion, that the decree does not indicate this exercise, that the acceleration was dependent on a finding of a default, that such a finding was and could not have been made and that by reason of both of these negatives the issue of acceleration was not adjudicated and the second cause is distinct from the first.
Both parties seem to emphasize the question of an adjudication on the issue of acceleration, although in fact this is insignificant. The essential question is whether the election to accelerate put the entire balance, including future installments at issue. If it was at issue then the second action seeks the same relief under the same contract and is predicated on a failure to comply with the same requirement. There can be no doubt that the accelerated balance was at issue and that the prayer of the complaint sought, not one interest installment, but the entire amount due. Accordingly, it seems clear that the actions are identical.
While it is axiomatic that a suit for one installment payment does not preclude suit for a later installment on a divisible contract, the scant authority found seems unanimous in the view that an election to accelerate puts all future installment payments in issue and forecloses successive suits. Tiedeman Mortgage & Finance Co. v. Carlson, Ga. App. 1930, 41 Ga. App. 406, 152 S.E. 909; Kearney v. Fenerty, La. 1936, 185 La. 862, 171 So. 57; Jones v. Morris Plan Bank of Portsmouth, Va. 1937, 168 Va. 284, 191 S.E. 608. The one case remotely on *473 point cited by appellant, Hoefer v. Fortmann, 1935, 219 Iowa 746, 259 N.W. 494, can at most be construed as holding that an acceleration clause is not self-executing and that such a clause will be construed to the advantage of the party for whose benefit it exists. In the instant case, there is a clear election to rely upon the acceleration clause and no area of doubt as to the construction of the clause.
The cause of action in both suits being identical, the doctrine of res judicata is, as the learned chancellor held, applicable.
Case No. 3406, being a final appeal, is dismissed. The interlocutory appeal, Case No. 3412, is affirmed.
KANNER, Acting C.J., and WHITE, J., concur.