BARKDULL, Judge
(concurring in part, dissenting in part).
I concur with so much of the majority , opinion as affirms the action of the trial judge in entering a summary final judgment in favor of the appellees as to counts two and three of the complaint. But, I dissent from that portion of the opinion that reversed as to the summary final judgment in favor of the appellees as to count one.
The prior action sought specific performance of a contract to make a lease. The appellant did not prevail in that action. How can he now proceed with a new and independent action seeking damages under an alleged contract, which the court in the prior case found not to exist? To recover for the improvements there must have been some undertaking by the appel-lees. The prior case determined that there was no agreement. Therefore, there was no undertaking or duty to reimburse the appellant for the improvements. This was an issue that either was or could have been determined in the prior case between the same parties, involving the same piece of property, arising out of the same negotiations, and I would hold the instant action to be barred upon the plea of res judicata and would affirm the summary final judgment adverse to the appellant as to count one. Litt v. Jarson, Fla.App.1957, 97 So.2d 46; Stadler v. Cherry Hill Developers, Inc., Fla.App.1963, 150 So.2d 468; Del Vecchio v. Del Vecchio, Fla.App.1965, 179 So.2d 400; 19 Fla.Jur., Judgments and Decrees, § 120.