455 So.2d 1063 (1984)
Charles W. SMITH and Wilma Smith, His Wife, Appellants,
v.
Foster BRANTLEY, Tampa Sand and Material, a Division of Florida Mining and Materials Corporation, and Fidelity and Casualty Company of New York, Appellees.
Nos. 83-170, 83-348.
District Court of Appeal of Florida, Second District.
June 27, 1984.
Rehearing Denied September 12, 1984.
John T. Allen, Jr. of John T. Allen, Jr., P.A., St. Petersburg, for appellants.
Chris W. Altenbernd of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, and William K. Bennett of Bradham, Bennett & Holton, St. Petersburg, for appellees.
HOBSON, Acting Chief Judge.
Charles and Wilma Smith, the plaintiffs in a personal injury action against the defendants, Foster Brantley, Tampa Sand and Material, a division of Florida Mining and Materials Corporation, and Fidelity and Casualty Company of New York, contend on appeal, inter alia, that the trial court erred by granting a motion submitted on behalf of the corporate defendants for a directed verdict on the issue of punitive damages. We affirm.
The Smiths' lawsuit stemmed from a mishap at a St. Petersburg intersection in which a vehicle being driven by Mr. Smith was struck by a loaded cement truck being operated by Brantley within the scope of his employment with Tampa Sand and Material. The collision may have been caused by faulty brakes on the Tampa Sand and Material-owned truck. The Smiths, while charging Brantley with negligence in the operation of the truck, sought to hold Tampa Sand and Material and Florida Mining and Materials Corporation directly liable for punitive damages. In particular, they alleged that, due to Tampa Sand and Material *1064 and Florida Mining and Materials Corporation's "willful and wanton disregard for the rights of others" in "mandating" and "allowing" Brantley to operate the truck during the normal course of business despite their "knowledge" of the truck's defective brakes, Mr. Smith suffered permanent injuries, sustained property damage, incurred medical expenses, and sustained loss of earnings. (The Smiths did not attempt to also hold Brantley liable for punitive damages, notwithstanding having alleged that he, too, knew that the brakes were not working properly.)
In order to support a claim against a defendant for direct punitive damages, the plaintiff must demonstrate that the defendant acted in willful and wanton disregard of the rights of others; gross negligence, by itself, is not enough. See U.S. Concrete Pipe Co. v. Bould, 437 So.2d 1061, 1064 (Fla. 1983);[1]Clooney v. Geeting, 352 So.2d 1216, 1219 (Fla.2d DCA 1977).
In considering a motion for a directed verdict, the trial court is required to evaluate the evidence in a light most favorable to the nonmoving party, and every reasonable inference adduced from the evidence must be indulged in the nonmoving party's favor. See American Motors Corp. v. Ellis, 403 So.2d 459, 467 (Fla.5th DCA 1981). Thus, such a motion should be granted only if there is not any evidence upon which a jury could legally predicate a verdict in favor of the nonmoving party. Id.
Evaluating the evidence on the issue of punitive damages in the case at bar in a light most favorable to the Smiths, and indulging every reasonable inference adduced therefrom in their favor, the following factual picture may be drawn; Brantley, prior to driving the truck on the morning of the accident, determined that an air leak existed in the truck's air brake system. He advised a mechanic for Tampa Sand and Material that he did not feel it was safe to drive the truck with the brakes in that condition. The mechanic looked at the brakes and told Brantley that they were okay. Brantley then complained to William Lowe, Tampa Sand and Material's division manager, that the brakes were not functioning properly, and added that the mechanic acted like he did not want to fix them. Lowe spoke with the mechanic, who told him that the brakes were working all right. Brantley, upon being advised by Lowe that the mechanic had told him that the brakes were in proper working order, insisted that the brakes were not functioning all right, notwithstanding what the mechanic had said to Lowe. Lowe then ordered Brantley to either drive the truck or park it and go home. Interpreting Lowe's command to mean that if he did not drive the truck he would be fired, Brantley took the truck out, and the collision occurred later that morning.
Even assuming that the mishap in the instant case was caused by faulty brakes on the truck being driven by Brantley, the foregoing factual scenario demonstrates that there was not enough evidence to show a willful and wanton disregard of the rights of others on the part of the corporate defendants, through the actions of Lowe, so as to hold the corporate defendants directly liable for punitive damages. Compare Wright Fruit Co. v. Morrison, 309 So.2d 54 (Fla. 2d DCA), cert. denied 316 So.2d 291 (Fla. 1975). No evidence existed upon which the jury could have legally predicated a verdict against the corporate defendants on this issue.
The Smiths' other arguments on appeal are without merit.
Accordingly, we affirm.
AFFIRMED.
RYDER and LEHAN, JJ., concur.
NOTES
[1] Recently, White Construction Co., Inc. v. Dupont, 455 So.2d 1026 (Fla. 1984) approved and reaffirmed language set forth in Carraway v. Revell, 116 So.2d 16 (Fla. 1959), standing for the legal principle that, in order to hold a defendant directly liable for punitive damages, the plaintiff must show that the defendant acted in willful and wanton disregard of the rights of others; gross negligence, by itself, is not enough.