466 So.2d 1133 (1985)
STATE ex rel. Dwynal and Iona PETTENGILL, Appellants,
v.
George COPELAN, Appellee.
No. AY-282.
District Court of Appeal of Florida, First District.
March 26, 1985.
Rehearing Denied April 30, 1985.
*1134 Randall E. Denker of Lehrman & Denker, Tallahassee, for appellants.
George Ralph Miller, DeFuniak Springs, for appellee.
WENTWORTH, Judge.
Appellants seek review of an order entered in the circuit court for Walton County, upon a claim for trespass, nuisance, interference with riparian rights, and enforcement of a Department of Environmental Regulation (DER) order. Appellants were awarded one dollar for the trespass and judgment was entered in appellee's favor on the other counts. We affirm.
Appellants and appellee own adjacent parcels of property bordering Lake Tresca, an unusual body of fresh water approximately 250 yards from the Gulf of Mexico. Without applying for or obtaining a permit, appellee began and completed construction of a causeway across the lake. DER filed a Notice of Violation and appellee negotiated a consent order by which appellee was allowed to submit an "after-the-fact permit application"; appellee agreed that if the application were denied he would remove the fill material and restore the area to its "preproject contours." Appellee then filed an application for an after-the-fact permit, and DER expressed an intent to issue the permit. Appellants, as substantially interested persons, requested a § 120.57 administrative hearing.
The hearing officer recommended that appellee's after-the-fact permit application be denied and that appellee be required to restore the area to its preproject contours. The hearing officer expressly cautioned that while appellants "sought to vindicate their riparian rights" in the administrative proceeding they had abandoned any contention that Lake Tresca is navigable and in these circumstances DER is without authority to determine riparian rights as between two private land owners. As to appellants' claim of trespass the hearing officer further cautioned that DER is likewise without authority to provide a forum for the adjudication of competing claims to private ownership of land. However, noting *1135 that DER may not knowingly issue a permit for activities which would constitute a trespass on private property, the hearing officer found that the causeway project does partly lie on appellants' property. DER substantially adopted the hearing officer's recommended order and, after some delay, indicated its intention to close the case upon a determination that the required restoration had been made and "no long term impacts are anticipated."
Dissatisfied with the accepted extent of restoration, appellants filed an action in the circuit court seeking injunctive enforcement of the administrative order and claiming damages for trespass, nuisance and interference with riparian rights, as well as punitive damages. Appellants moved for partial summary judgment, asserting that it had been determined in the administrative proceeding that appellee committed a trespass, created a nuisance, and interfered with appellants' riparian rights; appellants accordingly sought application of the doctrine of collateral estoppel. The court denied the motion for summary judgment. Appellants also made a motion in limine seeking to preclude appellee from retrying the merits of the administrative proceeding and to limit appellee's available defenses, with regard to appellants' claim for injunctive enforcement, to such defenses as are statutorily permitted in enforcement actions. The court took the motion under advisement.
Extensive evidence was presented at trial. The court entered a final order stating that, considering the requirements of the administrative order and further considering the testimony of DER employees, "it is apparent that [appellee] has complied with the Final Judgment to the satisfaction" of DER. The court then expressed the opinion that satisfying DER "is conclusive as to substantial compliance." The court further noted that as to appellants' various claims for damages "there is no basis for any of these claims except the trespass and that being only a technical trespass does not give rise to any real damage." The court therefore awarded damages in the amount of one dollar for trespass, and otherwise denied relief.
Appellants contend the court erred in (1) denying appellants' motion for partial summary judgment based on collateral estoppel; (2) declining to grant appellants' motion in limine; (3) denying the claim for injunctive enforcement; (4) denying costs and attorney's fees; and (5) conducting a private view of the premises.
On the first issue, the administrative order expressly caveats that it is not adjudicating any riparian rights or other property interests which appellants might claim. While the order does state that "the edge of [appellee's] fill road lies on [appellants'] property" so as to constitute a trespass, the essential determination was merely that the fill was not entirely within appellee's property. Accordingly, the issue was not presented as to whether there was a trespass upon appellants' property, and the doctrine of collateral estoppel should not apply. And to the extent that the doctrine might apply to the claim of trespass, any error in the denial of the motion therefor should be harmless since after trial on the merits the court found that a trespass had occurred and accordingly entered judgment for appellants on this claim.
As to the nuisance claim, such an action is dependent upon an interference with the plaintiff's health, comfort, safety, or proprietary rights. See generally, 38 Fla.Jur. Nuisances, § 1; also see § 386.041, Florida Statutes. In the present case although the prior administrative order suggested that appellee had created certain pollutants in, and altered the contours of, the lake, no finding (other than trespass) was made as to the impact which such activities may have had on appellants' rights. And, as the hearing officer recognized in expressly disclaiming any determination as to appellants' riparian or private property rights, any such determination would not have been essential to the agency's ultimate resolution of the administrative action.
*1136 On the second issue, § 120.69(5), Florida Statutes, provides that the defending party in a circuit court proceeding for the enforcement of agency action may assert certain specified defenses including "compliance." In the present case judgment as to the enforcement action was entered solely upon a determination of compliance with the administrative order. While appellee also presented other defenses, such were necessitated by and properly responded to appellants' additional claims for other relief. Since the enforcement claim was resolved upon a statutorily permitted defense, any error which might be asserted with regard to the court's failure to expressly grant the motion in limine should be deemed harmless.
In denying appellants' claim for enforcement the court expressed the opinion that DER's satisfaction is "conclusive" as to appellee's compliance with the administrative mandate. While "any substantially interested person" may bring an enforcement action pursuant to § 120.69, appellants' action is necessarily dependent upon a challenge to DER's determination that appellee complied with and satisfied the requirements of the restoration order. In making this informal determination and indicating its intention to close the case DER sent appellee a letter verifying its position in this regard; the circumstances would appear to constitute free-form final agency action. To the extent that appellants are dissatisfied with this agency decision, the proper procedure for a challenge thereto would appear to be a § 120.57 hearing request. Appellants have not pursued such relief and, since § 120.69 is available only for the enforcement of, rather than a challenge to, agency action, in the circumstances presented the court below was entitled to deem DER's satisfaction conclusive so as to establish appellee's compliance with the restoration order.
Appellants claimed attorney's fees and costs pursuant to § 120.69, Florida Statutes. Section 120.69(7) provides that the court may award costs and fees, if appropriate, to the prevailing party upon a petition for enforcement of agency action. Appellants did not prevail on their enforcement claim, and we note that § 120.69(7) merely authorizes, and does not mandate, an award of costs and fees. Appellants therefore did not establish entitlement to the fees and costs as claimed.
Appellants' counsel did not object and expressly acceded to the court's announced intention to make an unaccompanied inspection of the premises. Such agreement precludes assertion of error in this regard. Neither bias nor the deprivation of a fair trial has been shown.
Affirmed.
THOMPSON and WIGGINTON, JJ., concur.