SCHEB, Acting Chief Judge.
Plaintiff Carl Neidhart appeals a directed verdict in favor of defendant Pioneer Federal Savings and Loan Association on the issue of punitive damages in a suit for improper dismissal from employment. Pioneer cross-appeals from a prior partial final summary judgment entered in Neidhart’s favor on the issue of liability for Neidhart’s discharge from employment. As to Neid-hart’s appeal, we affirm; as to the cross-appeal by Pioneer, we reverse.
Neidhart sued Pioneer for wrongful dismissal from employment. He sought compensatory and punitive damages from Pioneer, contending that Pioneer discharged him because he responded to a summons for jury duty. He based his cause of action on section 40.271, Florida Statutes (1985), which prohibits employers from dismissing employees for jury service. Subsection three of that statute provides:
A civil action by the individual who has been dismissed may be brought in the courts of this state for any violation of this section, and said individual shall be entitled to collect not only compensatory damages, but, in addition thereto, punitive damages and reasonable attorney fees for violation of this act.
After he was discharged, Neidhart applied for and was awarded unemployment compensation benefits. The Unemployment Compensation Appeals Referee found that his discharge did not result from any misconduct on his part.
Neidhart moved for a summary judgment in this case on the issue of liability in his suit for wrongful dismissal. He argued that the question of his having been improperly discharged had been determined in the unemployment compensation proceeding and was, therefore, res judicata. The trial court granted his motion and set the case for jury trial solely on the issue of damages. Pioneer then stipulated as to the amount of Neidhart’s compensatory damages; however, it reserved its right to appeal the partial summary judgment as to liability. The case proceeded to jury trial on the issue of Neidhart’s entitlement to punitive damages.
At trial, after both parties had finished their presentations, the court concluded Neidhart failed to produce any evidence of wilfulness or malice. Consequently, the trial judge granted Pioneer’s motion for a directed verdict against Neidhart on the issue of punitive damages.
First, we address Neidhart’s appeal of the directed verdict. Punitive damages may only be imposed where either direct or circumstantial evidence shows some reasonable basis for an inference of wantonness, actual malice, deliberation, gross negligence, or utter disregard of law on defendant’s part. Winn & Lovett Grocery Co. v. Archer, 126 Fla. 308, 327-328, 171 So. 214, 222-23 (1936); Florida Power Corp. v. Scudder, 350 So.2d 106, 110 (Fla.2d DCA 1977), cert. denied, 362 So.2d 1056 (Fla.), appeal dismissed, 439 U.S. 922, 99 S.Ct. 303, 58 L.Ed.2d 315 (1978). The trial court was required to evaluate the evidence on the punitive damages issue in the light most favorable to Neidhart as the nonmoving party. Smith v. Brantley, 455 So.2d 1063 (Fla.2d DCA 1984), petition for review denied, 462 So.2d 1107 (Fla.1985).
Only Neidhart testified on his behalf. Our examination of his testimony reveals that he began his employment as an accounting clerk with Pioneer’s predecessor institution in 1980 in Winter Park, Florida. In April 1982, Pioneer transferred him to its Clearwater office in Pinellas County. At all relevant times, Neidhart was registered to vote in Seminole County. On July 6, 1982, while working in Clearwater, he received a summons for jury duty in Seminole County to commence on July 13.
Neidhart also testified that after he informed his supervisor, Robert Fintel, the assistant vice president and controller, of the jury summons, both he and Fintel called the Seminole County Courthouse for *596 information. They received conflicting stories as to whether Neidhart could be excused from serving. Neidhart said that Fintel was concerned about Pioneer’s shortage of employees at the time Neidhart had to be present for jury duty because another employee would be on maternity leave. Neidhart insisted on making himself available for jury service. Thereafter, Pioneer terminated his employment.
The evidence produced by Neidhart fails to show any wilful or malicious conduct on the part of Pioneer in discharging him. Thus, the trial court was correct in directing a verdict in favor of Pioneer. Accordingly, we find no merit to the four points raised by Neidhart and reject his appeal.
We now turn to Pioneer’s cross-appeal. Pioneer contends the trial court erred in granting summary judgment on the issue of Pioneer’s liability under section 40.271. It argues that the court’s judgment was incorrectly premised on the Unemployment Compensation Appeals Referee’s ruling on the award of benefits being res judicata. We agree.
We hold the doctrine of res judicata does not apply to the issue of liability here. That doctrine requires that the judgment reflect: (1) identity in the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties of the action; and (4) identity of the quality in the person for or against whom the claim is made. See Donahue v. Davis, 68 So.2d 163 (Fla.1953); Cole v. First Development Corp. of America, 339 So.2d 1130 (Fla.2d DCA 1976). Yet, the doctrine should not be so rigidly applied as to defeat the ends of justice. Universal Construction Co. v. City of Fort Lauderdale, 68 So.2d 366, 369 (Fla.1953); Stadler v. Cherry Hill Developers, Inc., 150 So.2d 468, 471 (Fla.2d DCA 1963). Any doubt as to whether these litigants have had their day in court should be resolved in favor of full consideration of the substantive issues of the litigation. See Hittel v. Rosenhagen, 492 So.2d 1086, 1089-90 (Fla. 4th DCA 1986).
Here, identity of the thing sued for and identity of the cause of action are lacking. The issue of whether Pioneer is liable under section 40.271(3) is not identical to the finding of the Unemployment Compensation Appeals Referee that Neidhart was not discharged for misconduct, as defined in section 443.036(24), Florida Statutes (1985). In the unemployment compensation appeal, Neidhart was seeking benefits as a result of his unemployment. Since Pioneer terminated his employment, he only had to show he was not discharged for misconduct at work to receive those benefits. Here, however, he sought compensatory and punitive damages against Pioneer for having been wrongfully discharged from employment for responding to a jury summons. Thus, he had to show that his discharge from Pioneer resulted in a violation of section 40.271(3) for which he was entitled to compensatory damages distinct from unemployment compensation benefits. As noted, to receive punitive damages, he had to show that his discharge involved malicious or wilful conduct on the part of Pioneer.
Section 40.271(3) contemplates that any aggrieved person has a right of action in a court of competent jurisdiction. Likewise, a defendant such as Pioneer should have the right to defend its conduct in the same forum despite the similarity in evidence in the unemployment compensation proceeding and that which will likely be presented in the court proceeding. Moreover, any determination made by the appeals referee which might touch on the issues in this case was not essential to that agency’s ultimate resolution of the administrative proceeding. See, e.g., State ex rel Pettengill v. Copelan, 466 So.2d 1133, 1135 (Fla. 1st DCA 1985). Thus, nothing in any judgment obtained in this action will impair any rights already vested from the determination in the unemployment appeals proceeding.
Accordingly, we affirm the directed verdict denying punitive damages. We reverse the judgment in favor of Neidhart on the issue of liability which awarded him a stipulated amount of compensatory damages. We remand for a new trial on the *597 issues of liability and compensatory damages.
SCHOONOVER and FRANK, JJ., concur.