SUAREZ, Senior Judge.
Nationstar Mortgage LLC ("Nationstar") appeals from the trial court's final summary judgment entered in favor of LHF Hudson, LLC ("Hudson") on Hudson's statute of limitations and estoppel affirmative defenses against Nationstar's foreclosure action. For the reasons discussed herein, we reverse the final summary judgment and remand for further proceedings.
I. FACTUAL AND PROCEDURAL BACKGROUND
On May 26, 2006, Teudis Herrera ("the original borrower"), who is not a party to this appeal, executed a note worth $ 252,000 on behalf of Nationstar, secured by a mortgage on the original borrower's condominium in Miami-Dade County. The mortgage was recorded on May 31, 2006. On January 1, 2008, the original borrower stopped making monthly payments as required under the note. Thereafter, on May 14, 2008, Nationstar filed its first foreclosure action against the original borrower, alleging that the original borrower had failed to make the January 1, 2008, payment, *1075 and all subsequent payments, and declaring the full amount payable under the note and mortgage to be due. For reasons not in the record, Nationstar's first foreclosure action was dismissed without prejudice on February 11, 2013.
In January 2014, at a foreclosure auction following the entry of final judgment in a separate foreclosure action brought by the original borrower's condominium association, Hudson purchased the condominium for a total of $ 66,794.60, including auction fees. After acquiring the condominium, Hudson invested $ 80,276.60 into the property for rehabilitation and condominium association assessments.
On August 11, 2015, Nationstar filed the instant foreclosure action. In its complaint, Nationstar alleged that Hudson, as owner of record of the property secured by Nationstar's mortgage, had "defaulted under the Note and Mortgage by failing to pay the payment due January 01, 2008 and all subsequent payments." In response, Hudson raised several affirmative defenses, including: (1) that Nationstar's foreclosure action was barred by the statute of limitations, as the limitations period expired in May 2013 and the Florida Supreme Court's decision in Bartram v. U.S. Bank, N.A., 211 So.3d 1009 (Fla. 2016), changed the law and should not apply retroactively to revive Nationstar's claim; and (2) that Nationstar was estopped from enforcing the mortgage against Hudson because, at the time Hudson purchased the property, "the law was clear that the statute of limitations barred any further efforts to enforce the note and mortgage," Hudson relied on this law in purchasing and investing in the property, and it would be inequitable to enforce the mortgage against Hudson in this case. Then, on December 27, 2017, Hudson moved for summary judgment on these two affirmative defenses.
After a hearing on Hudson's motion for summary judgment, the trial court granted the motion and entered final judgment in favor of Hudson on Nationstar's foreclosure claim. This timely appeal ensued.
II. STANDARD OF REVIEW
We review the trial court's order entering final summary judgment de novo. Wells Fargo Bank, N.A. v. Rendon, 245 So.3d 917, 919 (Fla. 3d DCA 2018).
III. ANALYSIS
On appeal, Nationstar argues that the trial court erred in granting final summary judgment on both Hudson's statute of limitations and estoppel defenses. We agree.
With respect to the statute of limitations defense, Nationstar contends that the trial court erred by agreeing with Hudson's position that the law changed concerning the application of the statute of limitations in foreclosure actions with the Florida Supreme Court's decision in Bartram v. U.S. Bank National Association, 211 So.3d 1009 (Fla. 2016), as well as this Court's en banc decision in Deutsche Bank Trust Co. Americas v. Beauvais, 188 So.3d 938 (Fla. 3d DCA 2016) (en banc), and these two decisions should not "revive" Nationstar's foreclosure action. In Bartram, the Florida Supreme Court held that "with each subsequent default, the statute of limitations runs from the date of each new default providing the mortgagee the right, but not the obligation, to accelerate all sums then due under the note and mortgage" and that a "mortgagee would not be barred by the statute of limitations from filing a successive foreclosure action premised on a 'separate and distinct' default." 211 So.3d at 1019. In reaching this conclusion, the Florida Supreme Court examined its decision in Singleton v. Greymar Associates, 882 So.2d 1004 (Fla. 2004), which concluded that "when a second and separate action *1076 for foreclosure is sought for a default that involves a separate period of default from the one alleged in the first action, the case is not necessarily barred by res judicata," regardless of the mortgagee's decision "to accelerate payments on the note in the first suit," id. at 1006-07. See Bartram, 211 So.3d at 1016-18. The Bartram court explicitly stated that the "holding in Singleton was based on the conclusion that an 'acceleration and foreclosure predicated upon subsequent and different defaults present a separate and distinct issue' than a foreclosure action and acceleration based on the same default at issue in the first foreclosure action," id. at 1017 (quoting Singleton, 882 So.2d at 1007 ), and acknowledged that "because foreclosure is an equitable remedy, '[t]he ends of justice require that the doctrine of res judicata not be applied so strictly so as to prevent mortgagees from being able to challenge multiple defaults on a mortgage,' " see id. (quoting Singleton, 882 So.2d at 1008 ).
Although Singleton was decided on the basis of res judicata, the Florida Supreme Court "agree[d] with the reasoning of both [Florida] appellate courts and the federal district courts that [its] analysis in Singleton equally applies to the statute of limitations context," and thus "reaffirmed [its] prior holding in Singleton and the application of its reasoning to a statute of limitations context." Bartram, 211 So.3d at 1019 ; see also Beauvais, 188 So.3d at 944 ; Nationstar Mortg., LLC v. Brown, 175 So.3d 833, 834-35 (Fla. 1st DCA 2015) (noting that "the principles set forth in Singleton ... apply" in the statute of limitations context and that "[a]s a matter of law, appellant's 2012 foreclosure action, based on breaches that occurred after the breach that triggered the first complaint, was not barred by the statute of limitations"); Evergrene Partners, Inc. v. Citibank, N.A., 143 So.3d 954, 955 (Fla. 4th DCA 2014) (holding that under Singleton, where "the statute of limitations has not run on all of the payments due pursuant to the note, ... the mortgage is still enforceable based upon subsequent acts of default"). For example, in Beauvais, this Court held en banc that Singleton, "while made in the context of a res judicata defense," applied to statute of limitations defenses in foreclosure actions, and concluded that "dismissal of a foreclosure action accelerating payment on one default does not bar a subsequent foreclosure action on a later default if the subsequent default occurred within five years of the subsequent action." 188 So.3d at 944. Therefore, "[u]nder Singleton, subsequent defaults allow for subsequent accelerations regardless of the nature of a prior dismissal." Id. at 945 ; see also PNC Bank, N.A. v. Neal, 147 So.3d 32 (Fla. 1st DCA 2013) ("[T]he dismissal with prejudice of PNC Bank's foreclosure action against the Neals does not preclude PNC Bank from instituting a new foreclosure action based on a different act or a new date of default not alleged in the dismissed action."); Star Funding Sols., LLC v. Krondes, 101 So.3d 403 (Fla. 4th DCA 2012) ("A new default, based on a different act or date of default not alleged in the dismissed action, creates a new cause of action.").
Hudson, however, argues that the law at the time the statute of limitations had expired to bring suit for the default alleged in the initial foreclosure action did not permit Nationstar to bring a second foreclosure action based on a subsequent default after the dismissal of its initial foreclosure action, as Nationstar accelerated the note and mortgage and the statute of limitations had expired. Thus, as Hudson contends, the application of Singleton in the Bartram and Beauvais decisions created a "sea change in the law" in the application of the statute of limitations to foreclosure actions and should not apply retroactively to revive Nationstar's "extinguished"
*1077 claim. Cf. Rose v. Sonson, 208 So.3d 136, 139 (Fla. 3d DCA 2016). We reject Hudson's argument and characterization of the law prior to the issuance of Bartram and Beauvais. First, we note that in deciding Singleton, the Florida Supreme Court expressly disapproved of Hudson's characterization of the law as expressed by Stadler v. Cherry Hill Developers, Inc., 150 So.2d 468 (Fla. 2d DCA 1963). See Singleton, 882 So.2d at 1008. In Stadler, the Second District Court of Appeal determined that "[w]hile it is axiomatic that a suit for one installment payment does not preclude suit for a later installment on a divisible contract, the scant authority found seems unanimous in the view that an election to accelerate puts all future installment payments in issue and forecloses successive suits." 150 So.2d at 472. In rejecting Stadler, the Court recognized "the unique nature of the mortgage obligation and the continuing obligations of the parties in that relationship" and "envision[ed] many instances in which the application of the Stadler decision would result in unjust enrichment or other inequitable results." See Singleton, 882 So.2d at 1007 ; see also Beauvais, 188 So.3d at 952 ("Thus, while we do not question that several courts across the country have adopted reasoning different from that accepted in Florida, the point is our Supreme Court has rejected that different analysis [in Stadler ]." (emphasis in original) ). Moreover, this Court has previously determined that its "analysis of Singleton neither undermines nor contradicts prior Florida Supreme Court or other Florida precedent" and that "[t]he decision in Singleton gives rise to no inconsistency in the law, and does nothing to change when the clock starts ticking for statute of limitations purposes." Beauvais, 188 So.3d at 942 n.3 ; see also Bartram, 211 So.3d at 1019-20 ("[I]t is entirely consistent with, and follows from, our reasoning in Singleton that each subsequent default accruing after the dismissal of an earlier foreclosure action creates a new cause of action, regardless of whether that dismissal was entered with or without prejudice."). Indeed, "[t]his resolution is in keeping with the long held practices of the Florida mortgage industry." Beauvais, 188 So.3d at 953.
As Bartram and Beauvais did not change the law in Florida regarding the application of the statute of limitations in foreclosure actions, we therefore hold that it was error for the trial court to grant summary judgment on Hudson's statute of limitations defense. Nationstar's complaint alleges that Hudson "defaulted under the Note and Mortgage by failing to pay the payment due January 01, 2008 and all subsequent payments ." (emphasis added). As alleged, some of these missing payments occurred within the five-year limitations period for filing a foreclosure action and after the dismissal of Nationstar's initial foreclosure action in 2013.
In holding so, we additionally find that the trial court erred in granting summary judgment on Hudson's estoppel affirmative defense. As a general principle, "[e]quitable estoppel is based on principles of fair play and essential justice and arises when one party lulls another party into a disadvantageous legal position." Fla. Dep't of Health & Rehab. Servs. v. S.A.P., 835 So.2d 1091, 1096 (Fla. 2002). A party claiming estoppel must prove that: "(1) the party against whom estoppel is sought must have made a representation about a material fact that is contrary to a position it later asserts; (2) the party claiming estoppel must have relied on that representation; and (3) the party seeking estoppel must have changed his position to his detriment based on the representation and his reliance on it." Goodwin v. Blu Murray Ins. Agency, Inc., 939 So.2d 1098, 1103 (Fla. 5th DCA 2006). Here, Nationstar made no representation to or took steps to mislead Hudson regarding the status of the note *1078 and mortgage secured by the property after Nationstar's initial foreclosure complaint was dismissed without prejudice. Furthermore, Hudson's mistake as to the application of Florida law regarding the statute of limitations in a foreclosure action is not a proper basis for estoppel. See Clifton v. Clifton, 553 So.2d 192, 194 (Fla. 5th DCA 1989) ("However, [the appellant] took no steps to mislead [the appellee] or the intervenor as to her title or claims. Further, her mistake (as well as everyone else's involved in this case) was one of law-the misapplication of Florida law to the facts and circumstances which took place. This is not a proper basis for an estoppel." (citations omitted) ). Therefore, it was improper for the trial court to grant summary judgment on Hudson's estoppel defense.
IV. CONCLUSION
Accordingly, because the trial court erred in granting final summary judgment in favor of Hudson on both its statute of limitations and estoppel defenses, we reverse the trial court's order and remand for further proceedings consistent with this opinion.
Reversed and remanded for further proceedings.