## BURKHART *v.* SAPPINGTON.

Upon a note drawing ten per centum interest, it is erroneous to make the judgment draw the same rate of interest. It should draw only six per centum as regulated by statute.

ERROR, *to Des Moines District Court.*

*J. C. Hall,* for the plaintiff in error.

*Grimes* and *Starr,* for the defendant.

*Opinion by* KINNEY, J. This was an action of assumpsit, brought upon the following note, to wit :

" TERRITORY OF IOWA, county of Des Moines, 1841.
" $128.
" On or before the sixteenth day of April, A. D. 1841, I promise to pay Dr. John Sappington, of Saline county, Missouri, or bearer, the sum of one hundred and twenty-eight dollars, for value received, with interest, from date, until paid, at ten per cent.
" Given under my hand, this 13th day of April, 1841.
" JOHN BURKHART."

Burkhart *v.* Sappington.

The interest was computed upon the note, added to the principal, and a judgment entered against the defendant for the sum of one hundred and seventy-four dollars and thirty-two cents, with interest thereon, at the rate of ten per centum per annum, until paid.

The cause comes before this court upon the following assignment of error:

That the judgment bears interest at the rate of ten per cent. in opposition to the statute.

The point made and relied upon before this court by counsel for plaintiff is, that the court erred in allowing the judgment to bear ten per cent. interest per annum upon the interest which accrued upon the note.

We think this position well taken.

The case of *Wilson* v. *King*, decided by the supreme court of the territory of Iowa, at the July term, 1841, (*a*) in which the court decided that the judgment should bear the same rate of interest as stipulated to be paid by the contract; we think the court went quite as far as the authorities and statute would permit. We are now asked to go farther, and allow the interest, after it passes into a judgment, to bear ten per cent.

The statute of Iowa has fixed the rate of interest at six per cent., but allows parties to contract in writing for a rate not exceeding ten per centum per annum. (*b*)

The defendant, by his contract, agreed to pay ten per cent. upon the amount stipulated to be paid, and not ten per cent. upon the interest that would accrue upon that amount.

The statute, therefore, having fixed the legal rate of interest at six per cent., and the defendant, not having contracted to pay ten per cent. upon the interest, we are clearly of the opinion, that the interest that accrued upon the note when it passed into a judgment should only bear six per cent. as fixed by the statute.

Judgment below will therefore be set aside, and the cause remanded for a new trial.

Judgment reversed.

(*a*) Morris 106.    (*b*) *Rev. Stat.*, 293, §§ 1, 2, and 3.