WILLIAM HOEFER, Appellee, v. ALBERT FORTMANN, Appellant.

No. 42702.

MARCH 12, 1935.

H. J. Swift, for appellant.

Max H. Jenk and Shannon B. Charlton, for appellee.

MITCHELL, J.—On or about October 1, 1931, by written agreement, the appellee leased to the appellant for the term of March 1, 1932, to March 1, 1935, real estate, which consisted of a farm of 120 acres, situated in Delaware county, Iowa, for the rental value of $960 per year, payable $200 on September 15th and $760

on February 15th of each rental year. On March 1, 1932, the appellant took possession of the real estate under said lease. No notes were given with the lease, and the amounts of rental and times of payments were incorporated in the written lease.

The rent which was due on September 15, 1932, was paid, and $430 of the $760 due on February 15, 1933, was paid, but the balance of $330 was not paid.

On or about the 13th of July, 1933, the appellee commenced an action on the lease in question, and at the October term of said court judgment was entered in favor of the appellee and against the appellant for $330, plus interest and costs. On December 29, 1933, appellee filed in the district court of Delaware county, Iowa, his petition in the case at bar, asking judgment against the appellant in the amount of $760, and for costs.

On March 18, 1934, the appellant filed a demurrer to the petition of the appellee, claiming that appellee's petition does not entitle him to the relief demanded, because "said petition shows on its face that at the October term of the Delaware county court he commenced an action for a sum due as rent and for the enforcement of his landlord's lien on the same lease now sued on; said petition further shows that judgment was secured against this appellant on said lease sued on herein, and according to the terms of the said lease it is provided that a failure on the part of the appellant to pay any portion of the rent as the same becomes due shall mature the whole amount of the rent, and said petition shows that at the time said judgment was secured in the October term of this court the amount of rent claimed in this action was due and unpaid. That the relief demanded in appellee's petition has been fully adjudicated by this court and that the judgment entered at the time same was adjudicated is binding on the parties and their privies, not only as to matters actually determined, but as to every other matter which might have been litigated as incident to or connected with the subject-matter of the litigation and said judgment is an absolute bar to this action."

The demurrer was duly submitted to the lower court and an order entered, overruling said demurrer. On April 5, 1934, the appellant elected to stand on his demurrer, and judgment was rendered against him for the amount claimed in the petition.

Not being satisfied with the ruling of the lower court, appellant has appealed to this court.

■ The lease sued upon in this case provided for certain rentals for a period of three years. The rentals were fixed upon a yearly basis. When the first year's rental became due, the appellant, for reasons not appearing in the record, did not pay the same, and the appellee commenced an action to recover from the appellant the amount of rent at that time actually due. Whether there was any contest at the time that suit was tried, we do not know. But it does appear that judgment was entered against the appellant for the amount sought to be recovered by the appellee. Thereafter the appellee commenced this suit to recover the amount due on the lease for the second year, and it is the claim of the appellant that, having brought action to recover for the first year and there being an acceleration clause in the lease which would, according to the claim of the appellant, make the entire amount due for the three years become due upon the failure to pay the first year's rent, the appellee is now barred from recovering the second year's rent.

It is a very peculiar situation that confronts us. Usually it is the hard-hearted landlord that is asking this court to lay down some harsh rule, but this time it is the tenant. He wants this court to say that, where there is a default in the payment of any amount due upon a written lease, the landlord must sue for the entire amount due on the lease. In other words, in the case at bar, this landlord should have sued for the three years' rent when he sued for the first year's rent.

It must be kept in mind that at the time the appellee commenced the first action there was only one year's rent due.

Paragraph 17 of the lease contains the following provision:

"A failure to pay any portion of the rent as the same becomes due, or an abandonment of the premises or a breach of any of the covenants of this lease by second party, shall mature the whole amount of rent."

■ It is to be noted that the above provision of the lease is uncertain, in that the "whole amount of the rent" to be matured thereby is neither designated as the whole amount of rent provided in the lease nor the whole amount of the rent provided for the year in which the breach of the lease occurs. It seems to us that a reasonable construction to be given such provision, both in accord-

ance with the general rule of construction that a lease will be construed most strongly in favor of the lessee, and also, in view of the provisions in said lease as to yearly rental and the option of the appellee to terminate the same, is that under such provisions the maturity of the rent for the year in which the breach occurred is the only rent as to which the maturity is accelerated thereby. We have no doubt that, had the appellee in his first suit made the very contention that appellant is making herein, and asked judgment for all the rent provided in the last, to wit: the entire period of three years, the appellant would have made the same contention that appellee is now making.

The appellant in this case elected to stand upon his demurrer. He is therefore limited to the facts as alleged in appellee's petition, to establish the question of prior adjudication, the burden of which affirmative defense was upon him. He is not free to speculate as to the force and effect of the judgment in the prior case on the lease, or with respect to a determination of either the issues that were, or should, or could have been determined at that time, and is bound as to such matters by the allegations in the petition with respect thereto.

Turning to the petition in the case at bar, we find that the only allegation therein contained covering the former suit is that an action was commenced on the lease for rent then due, and that judgment was rendered for that amount. There is no showing in this petition as to the grounds alleged in the first petition filed. As to whether or not the other grounds of acceleration alleged in the petition in this case were alleged in the first suit, we have no way of knowing.

This court has on various occasions laid down the rule which prohibits the splitting of a single cause of action. But the bringing of more than one suit on a lease for different installments of rent as they become due is not a splitting of a single cause of action, for the reason that separate causes of action arise upon each of the installments for rent as they become due. The acceleration clause in the lease, upon which the appellant places so much reliance, cannot be construed to be an absolute acceleration for all of the rent provided for the whole term of the lease, but only accelerating it yearly. Any other rule would be an extremely harsh rule and would bring a great amount of suffering to the tenants

upon the various farms in Iowa. And to us it would seem to be an unfair rule to lay down.

Judgment and decree of the lower court must be, and it is hereby, affirmed.

ANDERSON, C. J., and KINTZINGER, POWERS, HAMILTON, DONEGAN, and PARSONS, JJ., concur.