**CHR EQUIPMENT FINANCING, INC., Appellant,**

v.

**C & K TRANSPORT, INC., Defendant,**

**Hemmen of Iowa, Inc.; and Ronald L. Hemmen, Appellees.**

No. 88–1706.

Court of Appeals of Iowa.

Oct. 5, 1989.

Kirk E. Goettsch of Clark, Hastings & Goettsch, Ames, for appellant.

James L. Kramer and Neven J. Mulholland of Johnson, Erb, Latham, Gibb & Carlson, P.C., Fort Dodge, for appellees Hemmen.

William A. Wickett of James, Galligan & Conlin, P.C., Des Moines, for defendant C & K Transport.

Considered by DONIELSON, P.J., and SCHLEGEL and HAYDEN, JJ.

SCHLEGEL, Justice.

CHR Equipment appeals a district court order awarding it approximately $36,000 damages for the Hemmens' breach of a master equipment lease. We affirm in part, reverse in part, and remand the case to the trial court for modification of the judgment.

Defendant contends that CHR waived its right to appeal by deliberately enforcing and obtaining the benefits of the judgment. CHR contends that the district court erred in: (1) discounting CHR's recovery for breach of the lease by determining the present value of the loss; (2) admitting into evidence defendants' exhibit computing the present value of the damages; (3) permitting Mr. Hemmen to testify as to the commercial interest rate; (4) failing to include the investment tax credit recapture, highway use tax, Iowa sales and use tax, and penalties and interest, as elements of CHR's damages; (5) determining the reasonable attorney's fees to be awarded CHR; and (6) rejecting CHR's motion for summary judgment and motion for amended findings.

On November 19, 1984, CHR and C & K Transport executed a five-year lease for semi-trailer trucks. Hemmen of Iowa and Ronald Hemmen guaranteed the performance of the lease.

The defendants defaulted on the lease in April 1987. The net balance owed on the lease as of this date was approximately $74,000.

CHR then brought this action seeking recovery for the breach of the lease. The Hemmens argued that they were not liable based on an oral modification of the lease. The district court rejected this argument and the Hemmens have not filed a cross-appeal on this issue.

At trial, Hemmens presented an exhibit that calculated the present value of the damages to be approximately $36,000. The Hemmens discounted the balance remaining on the lease by the current interest rate to ascertain the present value of the remaining lease payments. CHR objected to these calculations and also presented evidence concerning certain road use taxes due and owing. The district court awarded CHR approximately $36,000 in damages based on the Hemmens' calculations and about $2,000 for attorney fees.

This is an action at law and as such we review for the correction of errors at law. Iowa R.App.P. 4.

■ *I. Motion to Dismiss.* Appellee contends this appeal should be dismissed under the appellate waiver doctrine. Appellee argues the appellant's deliberate conduct to enforce the judgment results in a voluntary waiver of the right to appeal. The Iowa Supreme Court has relaxed the appellate waiver doctrine considerably. The mere acceptance of a judgment is not enough to waive the right to appeal. Implicit in this so-called appellate waiver doctrine is the requirement that the waiver be made voluntarily, intentionally, and with knowledge of the circumstances. *Wederath v. Brant,* 319 N.W.2d 306, 311 (Iowa 1982). The Court has also specifically held

that the appellate waiver doctrine should not prevent the disbursement of funds over which there is no disagreement. *Medd v. Medd,* 291 N.W.2d 29, 32 (Iowa 1980).

■ There is insufficient evidence to suggest that the collections by the appellant were made with the knowledge that the appeal would be dismissed and its recovery would be limited to that amount only. There is certainly no evidence that appellant intended to waive its right to appeal. This is similar to the *Medd* case because neither party disputes that the judgment in this case is at least the minimum amount due. The only real contention is whether appellant is entitled to more damages, not less. The doctrine of appellate waiver does not require dismissal in this case.

*II. Reduction of Damages to Present Value.* Appellant contends that the future lease payments should not have been reduced to present value. There is very little Iowa law on whether future lease payments should be reduced to present value. However, the Iowa Supreme Court has set forth general principles to guide us in determining contract damages. Compensatory damages are designed to put the injured party in as good a position as he would have had if performance had been rendered as promised. *DeWaay v. Muhr,* 160 N.W.2d 454, 458 (Iowa 1968). The purpose of a damages suit is compensation; the goal is to place the injured party in as favorable position as though no wrong had occurred. Damages are limited to the actual loss. *R.E.T. Corp. v. Frank Paxton Co., Inc.,* 329 N.W.2d 416, 421 (Iowa 1983).

■ The lease agreement provided for reasonable damages. Allowing appellant to recover the future rent payments without reducing them to present value would violate the general principle that limits recovery to actual loss. Such a result would place appellant in a better position than the contract intended. The lease payments were to be made over time, and in determining the actual loss to the appellant, that time factor must be taken into account. The trial court did not err in reducing the damages to present value.

■ *III. Admission of Exhibit "B".* Appellant contends that the admission of exhibit "B" was improper. Exhibit "B" is a schedule used to show the present value of damages based on several different interest rates. Appellant argues that Exhibit "B" was irrelevant and immaterial to the calculation of actual damages. The appellee's witness testified as to the interest rate and, therefore, the exhibit was entirely relevant to show the present value of the damages based on that interest rate. The trial court did not err in allowing the admission of exhibit "B".

■ *IV. Testimony of Defendant's Witness.* Appellant next contends appellee's witness, Ronald Hemmen, testified without foundation or qualification as to the prevailing commercial interest rate. There is no question that in order to compute the present value of the damages a commercial interest rate had to be determined. Mr. Hemmen was called to testify as to that interest rate based on his many years in the business community and his substantial experience with lending institutions through borrowing substantial sums of money. Ronald Hemmen may not have been the most qualified person to determine the interest rate, but he was qualified. Appellant failed to offer its own witness to prove another interest rate and the acceptance of Hemmen's value was certainly within the discretion of the trial judge.

■ *V. Other Elements of Damage.* Appellant contends the trial court should have included the investment tax credit recapture, highway use tax, penalties and interest, and Iowa sales and use tax, penalties, and interest as elements of damage. The lease specifically provided for these elements of damage. There was no specific waiver of these elements and appellant is entitled to receive them. Failure to allow appellant to recover these elements would grant a windfall to the appellee. The only evidence as to the amounts of these elements was offered by appellant and was apparently undisputed. We reverse the trial court's refusal to award these elements of damages and remand to the trial court

for modification of the judgment to allow the addition of $3,747.14 for the tax recapture and $1,839.63 for the sales and use taxes and penalties.

*VI. Summary Judgment.* Appellant next contends that the trial court should have granted a summary judgment in its favor on the issue of liability and damages. A summary judgment shall be granted when there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Iowa R.Civ.P. 237(c). The trial court correctly made the determination that certain issues such as damages and attorney fees had to be determined and could not be decided as a matter of law.

*VII. Attorney Fees.* Appellant next contends the trial court erred in its determination of reasonable attorney fees as required by the contract. The trial court awarded approximately one-half of the attorney fees requested.

Iowa trial courts have considerable discretion in awarding attorney fees. *In re Marriage of Giles*, 338 N.W.2d 544, 546 (Iowa App.1983). To overturn an award the complaining party must show that the trial court abused its discretion. *Id.* Awards of attorney fees must be for fair and reasonable amounts. *In re Marriage of Willcoxson*, 250 N.W.2d 425, 427 (Iowa 1977). The award of attorney fees was not manifestly inadequate and the trial judge did not abuse his discretion.

*VIII. Post–Trial Motions.* The findings of the trial court were supported by substantial evidence. There was no error in overruling appellant's post-trial motions.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.