Leonard MACAL and Doris
Macal, Appellants,

v.

Maynard STINSON, Ellen Stinson, and
Mark Dagley, Appellees.

No. 90–214.

Supreme Court of Iowa.

April 17, 1991.

Christopher F. O'Donohoe and Richard D. Stochl of O'Donohoe, O'Connor & O'Donohoe, New Hampton, for appellants.

James Burns and Linny C. Emrich of Miller, Pearson, Gloe, Burns, Beatty & Cowie, P.C., Decorah, and Michael W. Fay of Fay Law Office, Cedar Rapids, for appellees.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, SNELL, and ANDREASEN, JJ.

HARRIS, Justice.

This appeal presents a narrow issue on the interest to be allowed upon a breach of

contract award. We agree with the district court that only statutory interest is appropriate. We therefore vacate a decision of the court of appeals which also awarded other interest as consequential damages.

In 1984 plaintiffs, Leonard and Doris Macal, sold their 264–acre farm at auction. It was offered in three parcels. Defendants, Maynard and Ellen Stinson, successfully bid $74,200 on one of them, a fifty-three-acre tract. A written contract was signed which acknowledged receipt of ten percent down payment and required payment of the balance at possession on March 1, 1985.

The Stinsons were unable to finance their purchase and breached the contract in March 1985. The breach came at an especially inopportune time for the Macals because they counted on the contract proceeds to pay construction costs on a new home. The breach made it necessary for the Macals to secure a home mortgage loan with interest, initially, at a rate of fourteen percent.

Within a month of the breach the Stinsons found a third party who was willing to pay $42,400 for the parcel. The Macals rejected that offer. Rather, they leased the farm for two crop years, receiving $8320 in total rent. They sold the land in October 1986 for $30,000.

The Macals brought this breach of contract suit in December 1988. There is no challenge to the trial court's finding that the contract was breached, or to the damage award of $24,380. This award reflects the difference between the contract price ($74,200) and the fair market value of the property at the time of breach ($42,400), less the down payment ($7420).

At trial the Macals offered evidence of expenses which they claimed as consequential damages. All were disallowed by the trial court. On appeal the disallowance is challenged only with respect to one item: $27,350 the Macals paid in interest on their home mortgage.

I. An Iowa statute, Iowa Code § 535.2(1)(a) (1991), provides that, unless the parties agree in writing to a different rate, the rate of interest for money due on express contracts is five percent. Iowa Code section 535.3 provides that interest for money due on judgments is ten percent, accruing from the date of commencement of action, unless a contract provides a different rate.

Formerly no interest on contract damage awards was allowed beyond the legal rate provided by statute. *Chicago R.I. & P.R. v. Iowa City,* 288 N.W.2d 536, 541 (Iowa 1980). This had been our rule from earliest times. *See Burkhart v. Sappington,* 1 Greene 66, 67 (Iowa 1847).

More recently we have come to recognize that, under special circumstances, a contract plaintiff may recover interest at a higher rate for money necessarily borrowed from a third party. This recognition was developed in accordance with principles we had long recognized as a part of consequential—as distinguished from general—damages.

■ II. Where recovery of consequential damages is allowed it is in lieu of statutory interest, not in addition to it. To allow both statutory and actual interest for use of the same money at the same time would be duplicative and thus inimical to a fundamental canon of the law of damages. *Drovers Bank v. National Bank & Trust Co.,* 829 F.2d 20, 22–23 (8th Cir.1987) (award of both contract interest and prejudgment interest disallowed as duplicative); *see also Nachazel v. Miraco Mfg.,* 432 N.W.2d 158, 164 (Iowa 1988).

As mentioned, the district court in this case allowed interest only at the statutory rate. The court of appeals reversed and allowed recovery of both statutory interest and for interest actually paid to the bank. The parties now agree that duplicative damages should not be allowed. We then proceed to determine whether plaintiffs are entitled to consequential damages.

■ III. In real estate contract actions, general damages are measured by the difference between the contract price and the fair market value of the real estate on the date of the breach. *Gordon v. Pfab,* 246 N.W.2d 283, 288 (Iowa 1976). Two types of damages may be awarded in

breach of contract actions, general damages and special or consequential damages. The "ultimate purpose" behind the allowance of damages is to place the injured party in the position he or she would have occupied if the contract had been performed. *McBride v. Hammers*, 418 N.W.2d 60, 64 (Iowa 1988).

 Actual interest paid can sometimes be recovered as consequential damages under either of two somewhat related theories: (1) "such damages as may fairly and reasonably be considered as arising naturally—that is, according to the usual course of things—from the breach, or [(2)] as may reasonably be supposed to have been in the contemplation of both parties at the time they made the contract, as the probable result of the breach." *DeWaay v. Muhr*, 160 N.W.2d 454, 459 (Iowa 1968).

The two *DeWaay* theories ((1) arising naturally and (2) foreseeable) are alternative. Under either of them recovery of interest exceeding the amount fixed by Iowa Code section 535.2, even though actually paid, is the exception not the rule. *Nachazel*, 432 N.W.2d at 164 (interest expenses disallowed because not shown to be proximately caused by breach); *Snyder v. Sargeant*, 197 Iowa 475, 484–85, 196 N.W. 22, 26–27 (1923) (to show foreseeability one must overcome presumption money available at lawful rate). These holdings are consistent with a more general principle: damages not reasonably anticipated by the parties when they contracted are not recoverable. *R.E.T. Corp. v. Frank Paxton Co. Ins.*, 329 N.W.2d 416, 420 (Iowa 1983).

 Neither the Macals nor the Stinsons anticipated the drastic drop in farm values which precipitated the Stinsons' breach, nor its consequences. Under these facts Macals' bank loan is too remote to qualify as arising naturally from the breach. Neither can it be said that the higher bank interest rate was foreseeable to the Stinsons when they entered the contract. There was no showing the Stinsons knew it would be necessary for the Macals to borrow money at a higher rate if they breached the contract.

We conclude that the district court was correct in rejecting the Macals' claim for out-of-pocket interest expenses. Judgment should be entered in favor of the Macals in the amount of $24,380, plus interest at five percent from the date of breach until the filing of this suit. Iowa Code § 535.2(1)(a). This sum shall draw interest at ten percent from the date of the filing of this suit until paid. Iowa Code § 535.3. *In re Mt. Pleasant Bank & Trust Co.*, 455 N.W.2d 680, 685–86 (Iowa), *cert. denied*, —— U.S. ——, 111 S.Ct. 251, 112 L.Ed.2d 209 (1990).

DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT AFFIRMED.