**AURORA BUSINESS PARK ASSOCIATES, L.P.,**
Appellee,

v.

**MICHAEL ALBERT, INC., and Michael L. Albert,** Appellants.

95–112.

Supreme Court of Iowa.

May 22, 1996.

rora), entered into a lease agreement in which Albert agreed to lease office and warehouse space in the Aurora Business Park. The lease term was from March 1, 1991 until February 28, 1996. Albert took possession of the property after signing the lease but vacated the premises some time in June or July of 1993. No June rent payment was made and notice of default was given to Albert. Shortly thereafter, Aurora served a notice to quit and retook possession of the premises. Aurora was unsuccessful in reletting the property.

The lease includes the following provision: In the event of termination of this Lease by reason of a violation of its terms by the Lessee, Lessor shall be entitled to prove claim for and obtain judgment against Lessee for the balance of the rent agreed to be paid for the term herein provided, plus all expenses of Lessor in regaining possession of the premises and the reletting thereof, including attorneys' fees and court costs, crediting against such claim, however, any amount obtained by reason of any such reletting.

In August 1993, Aurora brought an action to recover past unpaid rent and the balance of rent for the remaining term of the lease. The matter was tried before the district court on May 31, 1994. At the end of Aurora's case, Albert moved for a dismissal claiming Aurora failed to establish that it used reasonable diligence in attempting to relet the premises. The motion was denied. Albert also asserted that an award of future rent would be improper because the acceleration clause constituted an unenforceable penalty and, alternatively, that the court was required to offset any future rent by the reasonable value of the use of the premises to the landlord or a reasonable amount for rent the landlord would actually receive during the remaining term of the lease.

On August 31, the court entered judgment in favor of Aurora and against Albert in the amount of $221,692.28 with interest plus attorney fees and court costs. The court concluded that Albert had breached the lease by abandoning the property without giving notice and by defaulting on the rental payments. The court found the acceleration

David G. Wilwerding of Croker, Huck, Kasher, DeWitt, Anderson & Gonderinger, P.C., Omaha, Nebraska, for appellants.

Mary S. Bernabe, Des Moines, for appellee.

ANDREASEN, Justice.

The district court entered judgment for the landlord on its action for the recovery of past unpaid rent and for future rent as damages under an acceleration clause in the parties' lease. The tenant contends that the acceleration clause constitutes an unenforceable penalty and that the court failed to award the proper damages. We affirm as modified and remand.

I. *Background Facts and Proceedings.*

The defendants, Michael Albert, Inc. and Michael L. Albert (Albert), and the plaintiff, Aurora Business Park Associates, L.P. (Au-

clause to be a valid liquidated damages provision rather than an unenforceable penalty. The court also found that Aurora had used reasonable diligence in attempting to relet the property. The court awarded damages for the remaining term of the lease without offset for a reasonable value of the use of the premises to Aurora or for rent which may be received from reletting the property during the remaining term of the lease. The court did not reduce the amount for future rent to its present value.

Albert filed a motion for a new trial. The court treated the motion as an Iowa Rule of Civil Procedure 179(b) motion and partially sustained Albert's motion by reducing the future accelerated rent payments to their present value. The court entered judgment for $215,251.90 with interest plus attorney fees and costs.

■ Our review is for correction of errors at law. Iowa R.App.P. 4. Whether a contract provision is a valid liquidated damages clause or an unenforceable penalty is a question of law for the court. *Rohlin Constr. Co. v. City of Hinton*, 476 N.W.2d 78, 79 (Iowa 1991).

II. *Enforceability of the Acceleration Clause.*

■ Albert contends that the judgment not only allows Aurora to recover the amount of rent due under the terms of the lease, but also allows Aurora to retain possession of the premises for its own use or relet the premises and retain any rents collected. Consequently, Aurora is placed in a better position than if the lease had been performed. Albert claims this not only violates the general principles of law against double recovery, but also violates the terms of the lease which specifically states that actual rents collected are to be offset against the amount of the claim. Additionally, Albert contends that the acceleration clause is an unenforceable penalty.

Some jurisdictions have held that provisions for the acceleration of payments of rent are invalid as unenforceable penalties. 49 Am.Jur.2d *Landlord & Tenant* §§ 716–17 (1995); *see, e.g., Kothe v. R.C. Taylor Trust,* 280 U.S. 224, 226, 50 S.Ct. 142, 143, 74 L.Ed. 382, 385 (1930) (lease provision that lessee's bankruptcy terminates lease and lessor is entitled to damages equal to rent for remainder of term is an unenforceable penalty); *Ricker v. Rombough,* 120 Cal.App.2d Supp. 912, 261 P.2d 328, 331 (1953) (rent acceleration provision in real property lease is unenforceable and void). Other jurisdictions, however, find specific acceleration clauses to be valid and enforceable. 49 Am.Jur.2d *Landlord & Tenant* §§ 716–17; *see, e.g., W & G Seaford Assocs. v. Eastern Shore Mkts.,* 714 F.Supp. 1336, 1346–49 (D.Del.1989) (acceleration clause for rent under commercial lease is valid liquidated damages provision); *Amacker v. Wedding,* 363 So.2d 223, 227–28 (La.Ct.App.1978) (landlord entitled to liquidated damages equal to rent for one year pursuant to commercial lease clause); *Frank Nero Auto Lease, Inc. v. Townsend,* 64 Ohio App.2d 65, 411 N.E.2d 507, 512 (1979) (weight of authority recognizes right of parties to contractually provide for repossession and acceleration of future rents where damages bear reasonable relationship to actual damages or lessor has obligation to mitigate damages); *Woodhaven Apartments v. Washington,* 907 P.2d 271, 273 (Utah Ct.App.1995) (liquidated damages clause in residential lease is valid). The American Law Institute has recognized rent acceleration clauses as a valid expansion of a landlord's remedy:

> The parties may provide in the lease that if the tenant defaults in the payment of rent or fails in some other way to perform his obligations under the lease, the total amount of rent payable during the term of the lease shall immediately become due and payable.

Restatement (Second) of Property *Landlord & Tenant* § 12.1 cmt. k (1977).

Although Iowa has not addressed whether an acceleration clause for payments of rent constitutes a penalty, we have addressed related issues. *See Friedman v. Colonial Oil Co.,* 236 Iowa 140, 144–45, 18 N.W.2d 196, 198 (1945) (jury verdict for landlord who declared due, under an acceleration clause in commercial lease, the unpaid rent for the entire term of the lease was upheld on appeal although it appears the jury awarded dam-

ages only to the date of the trial). In *Hoefer v. Fortmann*, 219 Iowa 746, 259 N.W. 494 (1935), a farm lease which was for a term of three years with rent fixed upon a yearly basis contained the following provision:

A failure to pay any portion of the rent as the same becomes due, or an abandonment of the premises or a breach of any of the covenants of this lease by second party, shall mature the whole amount of rent.

*Hoefer*, 219 Iowa at 748, 259 N.W. at 496. When the first year rent became due, the tenant did not pay. The landlord brought an action to recover the rent due at that time and judgment was entered against the tenant. The landlord then commenced a separate action to recover rent for the second year. The tenant argued that, because the acceleration clause made the entire rent for the three years become due upon the failure to pay the first year's rent, the landlord is barred from recovering the second year's rent. Because the lease was a yearly rental with the option of the landlord to terminate, we held that "the maturity of the rent for the year in which the breach occurred is the only rent as to which the maturity is accelerated thereby." *Id.* at 749, 259 N.W. at 496.

In *Becker v. Rute*, 228 Iowa 533, 535, 293 N.W. 18, 19 (1940), a commercial lease provided that any failure by the tenant "to comply with any of the terms and conditions of this lease shall make the whole amount immediately due and payable." The term of the lease was from May 1 to October 1 with rent payable as follows: $600 upon the execution of the lease, $1000 on May 1, and $500 on June 1, July 5, and 15. The tenant failed to pay the rent due on July 5 and 15. On July 20, the landlord brought an action for the past due rent. We affirmed the trial court which found the landlord, who declared a forfeiture for nonpayment of rent pursuant to a lease provision, was "entitled to judgment for rent that had matured prior to the forfeiture." *Becker*, 228 Iowa at 537, 293 N.W. at 20. Furthermore, we recognized that under the terms and conditions of the lease the landlord "had the right, which they did not exercise, to declare all the rent due." *Id.* at 538, 293 N.W. at 20.

A landlord and tenant may agree to the landlord's remedies if the tenant abandons the property and fails to pay rent, as long as the provision does not constitute a penalty. *See* Restatement (Second) of Property *Landlord & Tenant* § 12.1 cmt. j; *see also Benson v. Iowa Bake–Rite Co.*, 207 Iowa 410, 417, 221 N.W. 464, 467 (1928) ("The law seems quite settled ... that parties to a lease may, by mutual consent, terminate the same, and if they do the tenant is not liable for future rent unless the same is stipulated for in the agreement terminating the lease."). We recognized the trend of favoring liquidated damages clauses in *Rohlin:*

In the past, we disfavored the use of liquidated damage clauses and favored interpretation of contracts that make stipulated sums penalties. Later, we relaxed this penalty rule and recognized that parties may fix damages by contract when the amount of damages is uncertain and the amount fixed is fair.

*Rohlin*, 476 N.W.2d at 79. We adopted the following test:

"Damages for breach by either party may be liquidated in the agreement but only at an amount that is reasonable in the light of the anticipated or actual loss caused by the breach and the difficulties of proof of loss. A term fixing unreasonably large liquidated damages is unenforceable on grounds of public policy as a penalty."

*Id.* at 80 (quoting Restatement (Second) of Contracts § 356(1) (1981)); *see also Engel v. Vernon*, 215 N.W.2d 506, 516 (Iowa 1974) ("if the sum stipulated is out of reasonable proportion to the loss or injury actually sustained or reasonably to be anticipated, it will be treated as a penalty"); *Golden Sun Feeds, Inc. v. Clark*, 258 Iowa 678, 682–83, 140 N.W.2d 158, 161 (1966); *McMurray v. Faust*, 224 Iowa 50, 58–59, 276 N.W. 95, 100 (1937).

We first address whether the amount of actual damages resulting from a breach of the lease were uncertain. If a breach occurs, the ability to obtain another suitable tenant for the property is unknown. If Aurora was able to relet the property shortly after the breach, the resulting damages would be reduced. There is no guarantee, however, that Aurora would be able to relet the premises at

any time during the remainder of the lease term. Under this scenario, Aurora would suffer substantial damages. Furthermore, the damages will vary depending upon when the breach occurs. We find there is considerable uncertainty as to the actual amount of damages resulting from a breach of the lease two and one-half years before the end of its agreed term.

We next address whether the amount of liquidated damages under the acceleration clause is reasonable. The amount fixed in a liquidated damages provision "is reasonable to the extent that it approximates the loss anticipated at the time of the making of the contract, even though it may not approximate the actual loss." Restatement (Second) of Contracts § 356 cmt. b (1981); see also Macal v. Stinson, 468 N.W.2d 34, 36 (Iowa 1991) ("damages not reasonably anticipated by the parties when they contracted are not recoverable"). Albert contends that, the proper measure of damages is the remaining rent due under the lease less the reasonable fair market value of the premises for the remainder of the term. Although other courts have utilized this formula, see 49 Am.Jur.2d Landlord & Tenant §§ 100, 103, we have not adopted this approach. In Becker, we rejected the tenants' argument that they "were entitled to credit on the rent due for the reasonable rental value of the use of the premises by [landlords] for the unexpired term." Becker, 228 Iowa at 539, 293 N.W. at 20–21.

A landlord is entitled to recover from a tenant the damages sustained as a result of the tenant's abandonment and nonpayment of rent. Restatement (Second) of Property Landlord & Tenant § 12.1 cmt. i; see also Iowa Code § 562A.32 (Under the Uniform Residential Landlord and Tenant Law "[i]f the rental agreement is terminated, the landlord may have a claim for possession and for rent and a separate claim for actual damages for breach of the rental agreement."). In general, the purpose behind the allowance of damages for breach of a contract "is to place the injured party in the position he or she would have occupied if the contract had been performed." Macal, 468 N.W.2d at 36. In Iowa "we are committed to the doctrine that when a tenant wrongfully abandons leased premises, the landlord is under a duty to show reasonable diligence has been used to relet the property at the best obtainable rent and thereby obviate or reduce the resulting damage." Vawter v. McKissick, 159 N.W.2d 538, 541 (Iowa 1968); see D.R. Mobile Home Rentals v. Frost, 545 N.W.2d 302, 305 (Iowa 1996); see also Iowa Code §§ 562A.4(1) ("aggrieved party has a duty to mitigate damages"), 562A.29(3) ("If the tenant abandons the dwelling unit, the landlord shall make reasonable efforts to rent it at a fair rental."). Consequently, a landlord is entitled to damages equal to the amount of rent reserved in the lease, plus any other consequential damages, less amounts received in reletting the property. See Roberts v. Watson, 196 Iowa 816, 820, 195 N.W. 211, 212–13 (1923) (affirming judgment for landlord for full amount of unpaid rent plus subsequently accruing rent under five year lease less receipts from reletting); CHR Equip. Fin., Inc. v. C & K Transp., Inc., 448 N.W.2d 693, 695 (Iowa App.1989) (allowing recovery of future rent payments, reduced to present value, under equipment lease which provided for reasonable damages); see also Vibrant Video, Inc. v. Dixie Pointe Assocs., 567 So.2d 1003, 1004 (Fla. Dist.Ct.App.1990) (award of future rent for balance of commercial lease term less amount due from reletting must be reduced to present value).

The acceleration clause at issue here places Aurora in the position it would have occupied had Albert performed the entire lease. Furthermore, it takes into account the landlord's duty to mitigate damages by offsetting any claim by amounts received in reletting the property. We believe the acceleration clause reasonably approximates the anticipated or actual loss that resulted from Albert's abandonment and breach of the lease. Consequently, we hold that the acceleration clause is a valid and enforceable liquidated damages provision.

III. *Credit for Rent Received by Reletting.*

Albert urges the court should at least set off against the judgment any rents actu-

ally received by reletting the premises during the remainder of the lease. We agree. The acceleration clause explicitly provided a credit against the balance of the future rent for "any amount by reason of any such reletting." Furthermore, if a landlord regains possession of property abandoned by a tenant, courts "agree that a landlord may not keep both the accelerated rent and rent received from renting to a new tenant." Restatement (Second) of Property *Landlord & Tenant* § 12.1 n. 10; *see also W & G Seaford,* 714 F.Supp. at 1347 (Landlord "concedes that a lessor cannot recover possession of the premises and an amount representing solely accelerated rent."); *Quintero–Chadid Corp. v. Gersten,* 582 So.2d 685, 689 (Fla. Dist.Ct.App.1991) ("If the landlord goes back into possession and relets the premises, he must give the tenant credit for the rents received."); *see also* 22 Am.Jur.2d *Damages* § 712 (1988) (acceleration clause imposes a penalty "if it allows one party to repossess and resell, while still collecting the entire unpaid rental for the rest of the term").

IV. *Disposition.*

We affirm the district court's judgment upholding the acceleration clause in the parties' lease as a valid liquidated damages provision. We modify the court's decision to provide for a credit against the judgment for rents received from reletting the property during the remainder of the lease term. We remand the case for the district court to determine if the property was relet during the remainder of the lease term. If so, Aurora must credit Albert for the rents obtained. Costs of appeal are taxed one-fourth against Aurora and three-fourths against Albert.

**AFFIRMED AS MODIFIED AND REMANDED.**